UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROLAND JOSEPH TROSCLAIR, JR.<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY, et al.<br><br>Defendant. | CIVIL ACTION NO.: 2:19-CV-10689<br><br>JUDGE: CARL BARBIER<br><br>MAGISTRATE JUDGE: MICHAEL NORTH<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

Pursuant to 28 U.S.C. § 1447 (c), and for the reasons that follow, Plaintiff submits this Motion to Remand this action to the 29th Judicial District Court of the State of Louisiana in opposition to Defendant Monsanto's Notice of Removal. Respectfully, Plaintiff asserts that removal is improper.

Defendant Monsanto Company ("Monsanto") asserts that removal in this matter is proper because certain defendants were improperly joined. The facts pleaded in Plaintiff's petition shows this to be untrue. Because the Court lacks subject matter jurisdiction and because joinder is proper, the circumstances require remand of this action to the appropriate state court.

**I.   BACKGROUND**

The plaintiff in this case, Roland Trosclair, is a citizen of Louisiana and a resident of St. Charles Parish, Louisiana. Mr. Trosclair was diagnosed with non-Hodgkin's lymphoma ("NHL") in June of 2015. *See* Petition, at ¶ 21.  Mr. Trosclair was first exposed to glyphosate and/or Roundup® formulation in 2012 in St. Charles Parish at property owned by 3M Cattle L.L.C., a Louisiana limited liability company ("3M"). Mr. Trosclair mixed concentrated glyphosate and/or Roundup® formulations, including but not limited to those that he received from Randy Jacobs, who was/is a Monsanto employee at the Luling, Louisiana plant. Mr. Trosclair regularly sprayed

1

glyphosate and/or Roundup® formulations with a backpack sprayer on 3M's property until he was diagnosed with NHL in 2015. Mr. Trosclair's exposure to glyphosate and/or Roundup® formulations continued until 2018, when he became aware of glyphosate and/or Roundup®'s carcinogenic properties and its association with NHL. *See* Petition, at ¶ 22.

Mr. Trosclair's claims are based on Louisiana causes of action. Mr. Trosclair properly brought his state law claims against Defendants in the 29th Judicial District Court, St. Charles Parish, State of Louisiana. Mr. Trosclair's petition pleads only state law causes of action, and raises no federal questions. Further, all Defendants in this matter have been properly served, with the possible exception of XL Bermuda. Defendants 3M Cattle, T.H.E. Insurance Company ("T.H.E. Insurance"), Catlin Insurance Services, Inc., ("Catlin Insurance") and Mr. Jacobs are all citizens of the forum state, as is Mr. Trosclair. Further, Mr. Trosclair and Defendants 3M and Mr. Jacobs are also domiciled within the jurisdiction of the 29th Judicial District Court.

On May 24, 2019, Defendant Monsanto removed this action to the U.S. District Court for the Eastern District of Louisiana, alleging that Monsanto and XL Bermuda are each entities foreign to Louisiana (with Monsanto deemed a citizen of Missouri and Delaware, and XL Bermuda a foreign entity), and then further alleging improper joinder regarding the remaining Defendants, 3M, T.H.E. Insurance, Catlin Insurance, and Mr. Jacobs. (*See* Monsanto Company's Notice to State Court of Removal to Federal Court, hereafter "Notice of Removal," at ¶¶ 7-9). To support Monsanto's allegations of improper joinder, Monsanto relies on the declarations of Mr. Jacobs and Courtney Mongrue of 3M, in which these individuals deny Mr. Trosclair's allegations. (*Id.* at Exhibits 6-7). Further, Monsanto attaches declarations from AXA XL (the parent company of XL Bermuda, T.H.E. Insurance, and Catlin Insurance) and Bayer U.S. L.L.C. (the parent company of Monsanto), denying that either T.H.E. Insurance or Catlin Insurance have ever provided insurance policies relevant to the instant matter. (*Id.* at Exhibits 4-5). Additionally, Monsanto attaches the

2

declaration of Monsanto employee, Keith R. Abrams, claiming the Monsanto Company Manufacturing Facility in Luling, Louisiana, is not a legal entity. (*Id.* at Exhibit 3). On May 28, 2019, Plaintiff filed a Notice of Opposition to Removal and this motion to remand the case to state court.

## II. FEDERAL COURT LACKS JURISDICTION OVER THIS MATTER

"Without jurisdiction [a] court cannot proceed at all in any case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Thus, "the first and fundamental question is that of jurisdiction." *Id.* "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Id.* (internal quotations omitted). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is presumed that a cause lies outside [federal courts'] limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Therefore, the Supreme Court has required jurisdiction be established as a threshold matter. *See Steel Co.*, 523 U.S. at 94-5.

"Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." *Id.* Either a court has jurisdiction or it does not and, therefore, a court has the power to preside over a case or it does not. *See id.* This axiom is equally applicable to MDL proceedings. It cannot be reasonably disputed that a transfer to an MDL proceeding is a judicial act that greatly impacts plaintiff's ability to proceed with their case. Consistent with *Steel Co.*, this is not an act which should be effectuated by a court that lacks jurisdiction. The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand

to state court." *Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

**A.)   This Case Lacks Complete Diversity.**

A determination of federal diversity jurisdiction involves a question of law subject to de novo review. *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000) *McKee v. Kan. City S. Ry. Co.,* 358 F.3d 329, 333 (5th Cir. 2004) "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388, 118 S. Ct. 2047, 2052, 141 L. Ed. 2d 364 (1998); accord *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437 (1996) ("The current general-diversity statute … thus applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). *Batton v. Ga. Gulf*, 261 F. Supp. 2d 575, 592 (M.D. La. 2003).

Monsanto argues that the declarations of Monsanto's co-defendants demonstrate a lack of "reasonable basis" for liability against those defendants. Under Monsanto's theory, a declared denial of the allegations should be sufficient for the dismissal of claims against that defendant, absent any meaningful discovery or fact finding. Indeed, Monsanto cites to *Hornbuckle v. State Farm Lloyds*, in arguing that a defendant may be allowed to remove for improper joinder by arguing there is no reasonable basis the plaintiff would produce the evidence needed to recover against the local defendant. *See* Notice of Removal at ¶ 12. However, in *Hornbuckle*, discovery had commenced, and the local defendant had been deposed by the plaintiff. That is a far cry from the instant matter, in which neither 3M nor Mr. Jacobs has been deposed, or subjected to discovery of any kind.

Monsanto argues that the denials of its co-defendants, preserved in declaration form, negate the validity of Mr. Trosclair's claims against Mr. Jacobs and 3M. However, Mr. Trosclair's allegations, which directly contradict those of Mr. Jacobs and 3M, support liability against both those defendants, and will be further supported upon proceeding with discovery. *See* Petition at ¶¶ 184-207.

Separately, discovery is necessary to further establish Mr. Trosclair's claims against T.H.E. Insurance and Catlin Insurance, which each deny providing any insurance coverage applicable in this matter. It is abundantly clear the only reasonable option is to remand this matter, and permit Mr. Trosclair to pursue the evidence necessary to support his claims against all Defendants.

In light of these facts, lack of diversity is clear in this matter. The plaintiff, Mr. Trosclair, is a citizen of Louisiana and a resident of St. Charles Parish. Defendants 3M, T.H.E Insurance, and Catlin Insurance are all Louisiana entities. Defendant Randy Jacobs is also a citizen of Louisiana. Further, Defendant Monsanto has a principal business establishment located at the Monsanto Company Manufacturing Facility in Luling, Louisiana ("Luling Plant") where the products that caused Mr. Trosclair's injuries were manufactured. However, even discounting the location and importance of the Luling Plant, diversity is destroyed by the citizenships of 3M, T.H.E Insurance, Catlin Insurance, and Randy Jacobs. Accordingly, the case should be remanded to state court.

**B.)    Joinder Was Proper.**

Defendant claims joinder of certain parties was improper. To establish improper joinder, the removing party must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

> In determining the validity of a claim of fraudulent joinder, the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.' The court must also resolve all ambiguities in the controlling state law in the plaintiff's favor. If the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so.

*Burden v. General Dynamics Corp.*, 60 F.3d 213, 216. (5th Cir. 1995, internal citations omitted.)

### i. Plaintiff May Recover Against 3M Cattle Company, LLC.

Mr. Trosclair has a recoverable and valid claim against Defendant 3M, a Louisiana limited liability corporation. 3M is the owner and operator of the agricultural property on which Mr. Trosclair used and was exposed to glyphosate and/or Roundup® formulations. *See* Petition at ¶ 198. 3M provided the glyphosate and/or Roundup® formulations, including the product acquired from Mr. Jacobs and/or others, and furthermore provided the defective equipment Mr. Trosclair used to apply the herbicide. (See Declaration of Roland Trosclair, attached as Exhibit A.) The declaration of Courtney Mongrue, operator, officer, and registered agent of 3M, affirms that 3M provided Mr. Trosclair with the applicator sprayer to spray herbicide on 3M property. *See* Notice of Removal, Exhibit 7. The only denials made by 3M relate to the type of herbicide, and where the herbicide was acquired (3M denies acquiring glyphosate and/or Roundup® from Mr. Jacobs, and alleges the sprayer was provided to apply a different herbicide, 2,4-D, and not glyphosate and/or Roundup®).

However, physical evidence which directly contradicts the declaration of Courtney Mongrue and 3M already exists, and is in the possession of Mr. Trosclair, which demonstrates the inaccuracies of Defendant's sworn declaration. This evidence includes but is not limited to photographs of bottles of Roundup® Pro, and photographs of repurposed bottles in which

glyphosate and/or Roundup® formulations was transported to 3M. Remand of this case for discovery would further substantiate the evidence for Mr. Trosclair's claims against 3M.

### ii. Plaintiff May Recover Against Randy Jacobs.

Further, Mr. Trosclair has a recoverable and valid claim against Defendant Randy Jacobs, a citizen of the state of Louisiana. Mr. Trosclair's allegations against Mr. Jacobs are in direct conflict with Mr. Jacob's declared denials, raising, at the least, a question for the fact finder. Indeed, Mr. Trosclair intends to provide evidence that not only has he met Mr. Jacobs, but that Mr. Trosclair has been to Mr. Jacobs' home, and retrieved glyphosate and/or Roundup® formulations directly from Mr. Jacobs which was stored in Mr. Jacobs' garage. A jury could reasonably find that Mr. Jacobs was negligent based on the elevated appreciation of the dangerous nature of glyphosate and/or Roundup® formulations as an employee of Luling Plant. That elevated appreciation should have led Mr. Jacobs to warn Mr. Trosclair of the dangers of the glyphosate and/or Roundup® formulations that Mr. Jacobs provided to Mr. Trosclair and/or 3M. Mr. Jacobs knew or should have known that Mr. Trosclair would suffer injuries as a result of Mr. Jacobs' failure to exercise ordinary care in the distribution of glyphosate and/or Roundup® formulations. A jury could also find that Mr. Jacobs was negligent in distributing glyphosate and/or Roundup® formulations in improperly labeled containers.

### iii. Plaintiff's Recovery Against Catlin Insurance Services, Inc. and T.H.E. Insurance Company.

Mr. Trosclair has claims against Defendants Monsanto and Luling Plant for design defect, inadequate warning, breach of express warranty, breach of implied warranty, negligence, and fraud. Mr. Trosclair can recover damages from Catlin Insurance and T.H.E Insurance on all, and/or any of those claims if either Catlin Insurance or T.H.E. Insurance provided insurance coverage to Monsanto or Luling Plant.

Louisiana's Direct Action Statute allows a plaintiff to bring an action against an insurer when an injury to the plaintiff by the insured party occurred in the State of Louisiana. *See* La. Rev. Stat. 22-1269(2). Catlin Insurance and T.H.E. Insurance are both Louisiana companies that insure/insured Defendant Monsanto. By declaration, Monsanto denies either Catlin Insurance or T.H.E. Insurance have issued policies to Monsanto, and AXA XL, the parent company of both these entities, further repeats such denials. *See* Notice of Removal at Exhibits 4 - 5.

Even in light of Plaintiff's sincere belief that the entities named in the petition insure the Defendant Monsanto, Plaintiff admits a lack of complete understanding of the various allegedly separate legal entities under the corporate structure of AXA XL, XL America, Inc., and XL Reinsurance America, Inc. However, even rudimentary discovery, which has not yet commenced, could and/or would provide the evidence required for Plaintiff to make a determination if either of these entities have had or do have policies which are relevant to this matter. While the declarations of these parties raise questions, the involvement and potential liabilities of these entities should be addressed using the means of discovery provided to the plaintiff. As such, this matter must be remanded to the appropriate state court, and discovery must commence.

### iv.     Plaintiff's Recovery Against Luling Plant

Monsanto has owned and operated the Monsanto Company Manufacturing Facility in Luling "Luling Plant" at all times relevant to this matter. Luling Plant manufactures glyphosate and/or Roundup® formulations, including the product given to 3M and Mr. Trosclair by Mr. Jacobs. Once again, without any evidence beyond a declaration from Monsanto, and absent even the most rudimentary discovery, Monsanto alleges that Luling Plant lacks the juridical person status of a separate entity which would permit Luling Plant to be named as a defendant. Clearly, remand and discovery are warranted as to these defendants.

### C.) No Federal Question Exists in This Matter.

A matter in which diversity of citizenship has been established may still be removed in cases in which a federal question is raised.

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.

*Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987, internal citations omitted.)

Mr. Trosclair alleged only Louisiana causes of action in his petition; no federal questions were raised. Mr. Trosclair's claims of design defect, inadequate warning, and breach of express warranty all fall explicitly under the Louisiana Revised Statutes. *See* Petition, at ¶¶ 89-147. Mr. Trosclair's additional claims of breach of implied warranty, negligence, and fraud are all common law state law claims. *See* Petition, at ¶¶ 148-214. The "well-pleaded complaint rule" makes the plaintiff "the master of the claim," and a plaintiff may "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar* at 392. As Mr. Trosclair relied exclusively on state law, he avoids federal jurisdiction, and Defendant's Notice of Removal must be vacated.

### III. CONCLUSION AND PRAYER

Remand is appropriate in this matter because there is no complete diversity, there has been no misjoinder, and there is no federal question. Monsanto asks the Court to treat multiple defendants, properly joined, as if they were dismissed, in order to improperly facilitate removal. To do so, based solely on the declarations of denial of the allegations by said Defendants, and without even the most basic discovery, would be a miscarriage of justice. Clearly, Monsanto's allegations of improper joinder must be addressed, but in state court, and in the unlikely event that Monsanto is successful in dismissing all of it's co-defendants, the issue of removal may be raised

again. As of now, Monsanto's removal is improper, and at best, premature. Plaintiff respectfully requests that this matter be remanded to Louisiana's 29th Judicial District.

Respectfully submitted,

**LUNDY, LUNDY, SOILEAU & SOUTH, LLP**

By: /s/ Matthew E. Lundy
MATTHEW E. LUNDY (#18988)
HUNTER W. LUNDY (#8938)
RUDIE R. SOILEAU, JR. (#2119)
KRISTIE M. HIGHTOWER (#31782)
JACKEY W. SOUTH (#21125)
501 Broad Street (70601)
P. O. Box 3010
Lake Charles, LA 70602-3010
Telephone: (337) 439-0707
Facsimile: (337) 439-1029

**MORRIS BART, LLC**
MORRIS BART III (#2788)
BETSY J. BARNES (#19473)
JOHN C. ENOCHS (#22774)
RICHARD L. ROOT (#19988)
601 Poydras Street, 24th Floor
New Orleans, LA 70130
Telephone: (504) 599-3308
Facsimile: (833) 277-4214

*Attorneys for Plaintiff, Roland Trosclair, Jr.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via the Court's CM/ECF filing system, this 29th day of May, 2019, to all counsel of record.

/s/ Matthew E. Lundy
**MATTHEW E. LUNDY (#18988)**